DYCO PETROLEUM CORPORATION, Appellant, Counter–Appellee,

v.

Orlin R. and Janet SMITH, Husband and Wife, Appellees, Counter–Appellants.

No. 65630.

Supreme Court of Oklahoma.

April 4, 1989.

Gist, Grimes and Gelders by Gordon H. Rowe III, and George, Moore, Nuttle, Hammons & Hunter by James W. George and Andrew J. Moore, Oklahoma City, for appellant, counter-appellee.

Cornell, Wright & Tisdal by J. Martin Tisdal, Clinton, for appellees, counter-appellants.

LAVENDER, Justice:

Appellant, Dyco Petroleum Corporation, held the right to go on to the surface of a 160 acre tract of land owned by appellees Orlin and Janet Smith for the purpose of conducting oil and gas drilling operations as the appointed operator under a forced pooling order entered by the Oklahoma Corporation Commission.

In May 1985 appellant filed a petition in the District Court of Washita County alleging that it had entered into good faith negotiations with appellees in regard to surface damages to be incurred as a result of appellant's proposed drilling operations on appellees' property. The petition stated that the parties had been unable to reach agreement on this subject and sought ap-

pointment of appraisers pursuant to 52 O.S.Supp.1982 § 318.5(A).

After the action was filed appellant entered upon the property and commenced the drilling of a well in the approximate center of the SW/4 with the area of the drillsite, pit and access road occupying approximately 8.3 acres. At the time the appraisers went upon the property there were oil and gas drilling activities in progress at the drillsite. The well at that time, however, had not been completed as a producer, or abandoned. The well was subsequently completed as a producing well.

The report of the appraisers returned to the trial court indicated that the appraisers considered the full 160 acre tract to be affected by the drilling operations and found the amount of surface damages to be $34,600. The report however set the amount of compensation to be paid to appellees as $45,400.

Appellant filed exceptions to the appraisers' report, arguing that the court's instructions had allowed the appraisers to consider improper elements of damage, particularly citing personal inconvenience, as well as improperly allowing the appraisers to consider damages beyond the land actually used in the drilling operations.

The trial court rejected appellant's exceptions and confirmed the appraisers' report. Additionally the trial court entered an order directing appellant to pay prejudgment interest on the award from the date of entry on appellees' land.

Subsequently, on motion of appellees to withdraw the proceeds of the award, the trial court ordered appellant to pay the award into court. Appellees were allowed to withdraw the award on the condition that they post security for the amount of the award.

Appellant brought the present appeal from the trial court's order confirming the award of the appraisers and requiring payment of interest on the award. Appellees counter-appealed the trial court's imposition of conditions on the withdrawal of the award proceeds.

■ Appellant presents four arguments on appeal. The first is that the trial court improperly instructed the appraisers that they might consider as damages personal inconvenience to the appellees resulting from appellant's operations. We agree that this was an erroneous instruction, and, because the report of the appraisers fails to give any factual basis for the valuation of the award beyond what is listed as "surface damages," it appears that the appraisers may have improperly included personal inconvenience as an element of damages. As this Court stated in *Davis Oil Co. v. Cloud,* 766 P.2d 1347 (Okla.1986), inconvenience may be a proper element of damages, *but* to be compensable the inconvenience must have an effect on the value of the land. Purely personal inconvenience is not compensable under the surface damages act.

■ The second argument presented by appellant is that the trial court erred in failing to instruct the appraisers that damages could only be assessed for the land actually used in the oil and gas drilling operations. In *Davis* we found the damage standard intended by the Legislature to be the diminution in fair market value *of the surface property* resulting from the drilling operations. The trial court's instructions in the present case were not in conflict with this point. The present case presents an excellent example of the propriety of considering damages to the surface beyond the land actually taken. Here the entire 160 acres was irrigated farm land, serviced by a center pivot irrigation system. The placement of the well in this case interfered with the irrigation system and as a result took a portion of the land outside of the irrigation system's reach, which in turn directly affected the productivity of that portion of the land.

■ Appellant's third argument is that the appraisers were improperly allowed to assess damages prior to completion of drilling operations. We find no merit to this argument as 52 O.S.Supp.1982 § 318.5(C) clearly indicates that the appraisers are to consider damages which have occurred or which *will* occur.

■ Appellant's final argument, however, appears meritorious. Appellant argues that there is no authority for the trial court's grant of prejudgment interest on the award of the appraisers. As appellant correctly states, interest may not properly be awarded in the absence of a statutory authorization. The surface damages act contains no such authorization. Appellees argue that interest was properly awarded under 12 O.S.1981 § 727 which provides for prejudgment interest on an award for personal injuries. As stated previously in this opinion, personal injuries were not a proper subject to support a damage assessment in the present case.

■ In their counter-appeal appellees argue that the trial court improperly forced them to post security before they were allowed to withdraw the damage award paid into court by appellant on the confirmation of the appraisers' report. Appellees argue that this defeated the purpose of 52 O.S.Supp.1982 § 318.6 which states that work on the premises will not be delayed by an appeal from the court's decision on exceptions *if* the award of the appraisers has been deposited with the court for the use and benefit of the surface owner. Appellees argue that they have neither the use or the benefit of the funds if they are forced to deposit security before being allowed access to the funds. We find merit in appellees' argument.

The arguments presented by appellant to the effect that appellees should either be required to post security prior to withdrawal of funds or should not be allowed to withdraw the funds prior to final determination of the case are purely policy based. These arguments are to the effect that the oil and gas operator should not have to depend on the ability of the surface owner to repay the funds if the award is overturned on appeal. However, as noted in *Davis*, an action under the oil and gas surface damages act clearly partakes of the nature of a condemnation action. The clearly established policy in Oklahoma in relation to condemnation actions is to allow the condemnee to be compensated for the taking of his interest as soon as possible

after that taking has occurred. To that end the Legislature, at 66 O.S.1981 § 54, has provided that the condemnee is immediately entitled to the receipt of the compensation awarded without prejudice to the right of either party to prosecute further proceedings regarding the award. We find that the provision of the surface damages act relied on by appellees should be interpreted consistently with this established policy. We therefore find that the trial court erred in placing conditions on the withdrawal of the compensation award by appellees.

However, in the present case, because we have found error in the trial court's instructions to the appraisers and in the assessment of prejudgment interest on the award, we must REVERSE the order of the trial court confirming the appraisers' report and REMAND the case for further proceedings consistent with the views expressed in this opinion and the opinion of the Court in *Davis Oil Co. v. Cloud,* supra.

HARGRAVE, C.J., and SIMMS, DOOLIN and KAUGER, JJ., concur.

OPALA, V.C.J., and SUMMERS, J., concur by reason of stare decisis.

ALMA WILSON, J., concurring specially.

HODGES, J., dissents.

ALMA WILSON, Justice, concurring specially:

I concur with the majority opinion insofar as it holds that the Surface Damages Act does not afford a remedy for nuisance occasioned by a drilling operation. I would, however, point out that a harmonious construction of the Surface Damages Act, along with the long established law of nuisance, does not preclude a surface owner from bringing a cause of action for nuisance. The Surface Damages Act does not abrogate the law of nuisance as it relates to the oil and gas industry where a cause of action founded upon nuisance is well pled and proven by the evidence. *See, Briscoe v. Harper Oil Company,* 702 P.2d 33 (Okla.1985). Thus, the standards for

imposing liability under the Surface Damages Act are not identical to the standards for imposing liability a cause of action for nuisance. Is it to be said that unreasonable acts to *property* are actionable, but that unreasonable acts to the *person* are without any remedy? Clearly, in the latter instance, although what is expressly provided and authorized under the terms of the Surface Damages Act cannot be deemed a nuisance, still where actions go beyond that expressly provided and authorized and also are unreasonable and injurious as within the legal confines of established theories of nuisance, injury to the person by reason thereof must be compensable. This is especially apparent where pursuant to the Surface Damages Act compensation may be assessed even *before* actual operations are completed. A construction of the Surface Damages Act which precludes a remedy for injury to person in this context, additionally would contravene *Okla. Const.* Art. 2, Sec. 6, which states:

> "The courts of justice of the state shall be open to every person, and speedy and certain *remedy* afforded *for every wrong* and for every *injury* to person, property, or reputation; ..."

Moreover, recovery under the Surface Damages Act and the law of nuisance cannot be theoretically lumped together, for the Surface Damages Act does not condemn property in fee simple. Thus, where properly pled, a matter such as this would come before the Court both on the statutory surface damage action and the nuisance action, a jury upon proper instructions—and not the appraisers'—would assess the award for nuisance.

I accordingly agree that this case must be reversed and remanded.