**SAMSON RESOURCES COMPANY,**
**Appellant,**

v.

**OKLAHOMA CORPORATION COMMISSION; Mobil Oil Corp.; and Kaiser–Francis Oil Company, Appellees.**

**No. 79794.**

Court of Appeals of Oklahoma, Division No. 3.

April 6, 1993.

Rehearing Denied June 22, 1993.

Certiorari Denied Sept. 15, 1993.

Affirmed.

Jack A. Canon, Rand Phipps, Michael G. Daniel, Tulsa, for appellant.

Guy E. Taylor, Brinda K. White, Oklahoma City, for appellees.

## MEMORANDUM OPINION

HANSEN, Chief Judge:

Appellant, Samson Resources Company, (Samson), seeks review of an order of the Corporation Commission (Commission) which denied its motion for rehearing and granted Appellee's motion to dismiss. Samson had filed four separate Applications with Commission regarding Section 12, Township 12 North, Range 22 West, Roger Mills County, Oklahoma.[1] Appellee, Mobil Oil Corporation, (Mobil), filed its motions to dismiss all four Applications, maintaining the Corporation Commission did not have jurisdiction to hear the Applications because Samson lacked standing.

The hearing before the first Administrative Law Judge, Judge Moore, resulted in a determination that the Commission had jurisdiction. Judge Moore determined that

---

1. Samson's four Applications were for Increased Density, Increased Allowable, Well Location Exception and for Clarification of Pooling Order No. 231222.

mere "color of title" in Samson was sufficient to vest jurisdiction in the Commission under the statutes. Exceptions to this ruling were heard by the Commission En Banc, which remanded the issue for a presentation of evidence to Administrative Law Judge Keahey. After hearing the testimony of title attorneys and receiving evidence regarding the chain of title on the subject section, Judge Keahey concluded that mere "color of title" was not sufficient and under 52 O.S.1991, § 87.1, an Applicant must prove he or she owns a valid interest in the minerals or a right to drill within the unit. Judge Keahey stated that although the Commission does not have the authority to determine title, it has jurisdiction to determine a "certain quantum of title". After a hearing before the Commission En Banc, the Corporation Commission issued Order No. 362056, granting Mobil's motions to dismiss.

On appeal, Samson maintains Commission had jurisdiction under 52 O.S.1991, § 87.1 to hear its Applications and that under such section, an Applicant need only show color of title. Mobil responds the standard to confer jurisdiction on the Corporation Commission is an "unrebuttable color of title" and that in this case, Samson's color of title was rebutted. Samson argues any effort to rebut its color of title before the Corporation Commission amounts to determining title, which the Commission is not authorized to do.

■ The Corporation Commission is a body of limited jurisdiction and its jurisdiction is derived expressly or impliedly from the Constitution and statutes. *May Petroleum, Inc. v. Corporation Commission of State of Oklahoma,* 663 P.2d 716 (Okla. 1982). The Corporation Commission does not have jurisdiction to determine title in vested property interests. Such jurisdiction lies in district court. *Amoco Production Company v. Corporation Commission of the State of Oklahoma,* 751 P.2d 203 (Okla.App.1986).

■ In order to invoke the jurisdiction of the Corporation Commission under the oil and gas conservation statutes, an applicant must have an interest in the minerals or

hold a right to drill in the common source of supply affected by a proposed order. *Leede Oil & Gas, Inc. v. Corporation Commission of State of Oklahoma,* 747 P.2d 294, 299 (Okla.1987); *May Petroleum, Inc.,* 663 P.2d at 717. Subsection (a) of 52 O.S.1991, § 87.1 authorizes the Corporation Commission, upon a proper application, to establish well spacing and drilling units and to authorize the drilling of additional wells on any unit thus established. A portion of that subsection provides:

Any order issued pursuant to the provisions hereof may be entered after a hearing upon the petition of *any person owning an interest in the minerals in lands embraced within such common source of supply, or the right to drill a well for oil or gas* on the lands embraced within such common source of supply, or on the petition of the Conservation Officer of the State of Oklahoma. (Emphasis added.)

■ In response to the motions to dismiss, Samson relied in part on an unpublished opinion of this court, *Temex Energy, Inc. v. Corporation Commission, Samson Resources Company, et al.,* # 72,309 (mandate issued 1–24–90), as evidence of what standard of title Commission has decided is appropriate. In that opinion, another division of this Court concluded Commission's finding that Samson had sufficient evidence of title to vest the Commission with jurisdiction was sustained by law and substantial evidence. Although the opinion did not discuss what quantum of title was necessary to vest jurisdiction, Samson submitted Commission's various orders in the *Temex* case which denied the motion to dismiss because Samson made a good faith allegation of title and introduced evidence which indicated color of title. We do not read this Court's nonprecedential, unpublished opinion in *Temex* as adopting a "color of title" standard as the appropriate showing of title necessary to vest jurisdiction in the Corporation Commission. And we will not go behind the Court's decision in *Temex* to the record in *Temex* to imply such a holding. The Court in Temex simply determined that under the *facts in that*

*case*, the Commission's finding was sustained by the law and substantial evidence.

The cardinal rule of statutory construction is to give effect to legislative intent, which may be ascertained from the statute in light of its general purpose and object. *TXO Production Corp. v. Oklahoma Corporation Commission*, 829 P.2d 964, 969 (Okla.1992). The purpose of the conservation statutes, of which § 87.1 is one, is to prevent waste and protect correlative rights. *Gulfstream Petroleum Corporation v. Layden*, 632 P.2d 376, 379 (Okla. 1981). The oil and gas conservation statutes are an exercise of the police power of the state and through the exercise of that power, vested rights may be affected. *Union Oil Company of California v. Brown*, 641 P.2d 1106 (Okla.1981).

52 O.S.1991, § 87.1 requires the applicant to "own" an interest in the minerals or to have a right to drill. This section of law does not use the phrase "color of title". The phrase "color of title" has been defined by the Oklahoma Supreme Court as follows:

> "Any instrument having a grantor and grantee, and containing a description of the lands intended to be conveyed, and apt words for their conveyance, gives color of title to the lands described. Such an instrument purports to be a conveyance of title; and, because it does not, for some reason, have the effect, it passes only color, or the semblance, of title. It makes no difference whether the instrument fails to pass an absolute title because the grantor had none to convey, * * * "

*Adams v. Parks*, 435 P.2d 122, 125 (Okla. 1967). Blacks Law Dictionary, Sixth Edition, further provides color of title is "that which is a semblance or appearance of title, but is not title in fact or in law." If an applicant need only show "color of title" under § 87.1, then that would mean an applicant would not have to own any minerals or have a right to drill but just present evidence that they might. In light of the general purposes of the statute, we cannot conclude the Legislature intended such a result. This is not to say, however, that an

Applicant before the Commission could not invoke the jurisdiction of that body based on "color of title". The determination of ownership of minerals or the right to drill is a finding of fact to be made by the Commission, whose findings must be supported by substantial evidence.

■ We agree with Mobil that under § 87.1(a), the Corporation Commission has the power to receive evidence and determine whether an applicant owns minerals or has the right to drill in the subject unit. To hold that Commission does not have the authority to determine whether an applicant has standing and hence whether it has jurisdiction, would infringe upon the powers constitutionally and statutorily conferred upon it.

The Corporation Commission does not, however, have jurisdiction to determine title. Although Samson maintains Commission's order is the equivalent of a quiet title action, we do not find it so. Order No. 362056 simply determined Samson had "failed to establish that its present ownership in this drilling and spacing unit is sufficient to grant it standing to invoke the jurisdiction of this Commission." The order did not determine what interest, if any, Samson has in Section 12, 12 North, 22 West.

■ Samson next maintains Commission's order is not based on substantial evidence. On review of orders of the Corporation Commission, we are restricted to determining whether the findings and conclusions are sustained by the law and substantial evidence. *Samson Resources Company v. Oklahoma Corporation Commission and TXO*, 742 P.2d 1114 (Okla.1987). Such a review does not include weighing the evidence but only determining whether the supporting evidence possesses substance and relevance. *Id.*, at 1116; *Mustang Production Company v. Corporation Commission of State of Oklahoma*, 771 P.2d 201 (Okla.1989).

At the hearing before the second administrative law judge, both parties presented evidence regarding Samson's claimed ownership in Section 12. Based on the evi-

**1122**

dence presented, the judge determined Samson could have an interest in the Section based on a possible three scenarios. In the first scenario, the judge determined Samson could only have an interest in the second well bore. In the second scenario, the question was whether Samson acquired an interest in the NW/4 from Alabaster. The judge concluded the only interest Samson could have acquired here was a future reversionary interest. The third scenario is whether Samson obtained an interest in the Section through a farmout agreement. The judge concluded the farmout and letter agreements only gave Samson the right to have a working interest in an additional well that is drilled within the unit, and an additional well had not been drilled in the unit. Both parties presented the testimony of landmen and title attorneys regarding the documents and wells relating to the mineral ownership of Section 12, 12 North, 22 West.

After reviewing the evidence presented to the Corporation Commission, we find there is substantial evidence, albeit conflicting, from which Commission could conclude Samson did not "own an interest in the minerals or have a right to drill" in Section 12 as required by 52 O.S.1991, § 87.1 and that therefore, Commission did not have jurisdiction to entertain Samson's Applications. We have no opinion and make no findings regarding the mineral ownership in Section 12 as such determination can only be made by the district court.

In Samson's final assignment of error, it maintains Mobil waived or is estopped to deny Samson's standing because Mobil did not object to a second well which was previously drilled by Samson in the same Section. Appellant has not shown this court such issue was presented to the trial court for its determination. Issues not presented to the trial court and raised for the first time on appeal will not be considered. *Wetsel v. Independent School District I-1*, 670 P.2d 986 (Okla. 1983). Furthermore, subject matter jurisdiction cannot be conferred by a party's waiver and standing may be raised at any level in the process. *Edwards v. Twine*,

203 Okla. 646, 225 P.2d 359, 363 (1951); *Matter of Estate of Doan*, 727 P.2d 574, 576 (Okla.1986).

The order of the Corporation Commission is AFFIRMED.

BAILEY, P.J., and HUNTER, J., concur.