**BARBOUR ENERGY CORP., Appellee,**

v.

**Tommy L. BELL, Appellant.**

**No. 86797.**

Court of Appeals of Oklahoma,
Division No. 3.

Oct. 25, 1996.

Jacqueline M. Short, Oklahoma City, for Appellant.

David D. Hunt II, Oklahoma City, for Appellee.

## MEMORANDUM OPINION

CARL B. JONES, Presiding Judge:

In this case we consider a question of first impression: whether a surface owner's failure to seek enforcement of a court-approved appraisers' report of damages under the Surface Damages Act, 52 O.S.1991 §§ 318.2–.9, within the five-year time limit provided for execution on judgments in 12 O.S.1991 § 735 renders the award unrecoverable as a matter of law. The trial court so held. We affirm.

Appellee commenced this action in 1985 under the Surface Damages Act for appointment of appraisers after it could not reach agreement with Appellant on the amount of surface damages which might be caused by Appellee's drilling operations. Three appraisers were appointed. Two appraisers joined in a report fixing damages at $24,500; the third appraiser filed a "minority report" that there would be no damage. Both sides filed exceptions. The trial court overruled all exceptions, but, without elaboration, ordered "that the reports of *all three* apprais-

ers entered in the case are accepted." [Emphasis added.] Appellee appealed denial of its exceptions, and this Court affirmed by unpublished memorandum opinion.[1] The mandate was spread of record on March 29, 1988.

In 1995, Appellant filed a "Request for Disbursement of Appraisers' Award" in the trial court. Appellee filed a "motion to dismiss" Appellant's request for disbursement. The trial court held the appraisers' award was no longer enforceable because Appellant had failed to have execution or garnishment summons issued within five years from the date it became final, as required by the dormant judgment statute, 12 O.S.1991 § 735, which provides in pertinent part:

"If execution is not issued and filed as provided in [12 O.S. § 759] or a garnishment summons is not issued by the court clerk within five (5) years after the date of any judgment that now is or may hereafter be rendered in any court of record in this state ... such judgment shall become unenforceable and of no effect, and shall cease to operate as a lien on the real estate of the judgment debtor...."

Appellant filed this appeal at first under the rules governing accelerated docket appeals from rulings on motions for summary judgment[2] and certain motions to dismiss. Rule 1.203(A), Rules of Appellate Procedure, 12 O.S.Supp. 1993, ch. 15, App. 2.[3] Exercising the authority granted by Rule 1.203(A)(6),[4] we converted this case to an ordinary appeal. Although styled a "motion to dismiss," Appellee merely opposed Appellant's motion for disbursement. The accelerated docket rules apply only to motions to dismiss under Rule 4, Rules of District Courts, (and 12 O.S.1991 § 2012(B)(1), (2), (6)) for failure to state a claim or for lack of jurisdiction. Rule 1.203(A). In our conver-

---

1. *Barbour Energy Corp. v. Bell*, No. 67,297 (Okla. App., Memo.Op., Jan. 26, 1988).

2. *See* Rule 13, Rules for District Courts, 12 O.S.Supp.1993, ch. 2, App.

3. Effective January 1, 1997, Rule 1.36, Rules of the Supreme Court, 12 O.S.Supp.1996, Ch. 15, App. 1.

4. The cited rule provides that an appellate court, on its own motion or on motion of a party, may order any appeal removed from consideration under the accelerated docket rules, and reassign the case for disposition according to the ordinary appellate process. By order, we removed this case from the accelerated docket, allowed Appellant to re-designate the record, and established a briefing schedule.

sion order, we directed Appellant to designate the record on appeal within the bounds set by Rule 1.20(a), but Appellant simply redesignated the same record he first submitted with his accelerated docket appeal. We also have before us briefs submitted by the parties after conversion.

■ Appellant, relying on § 318.6 of the Surface Damages Act[5] and *Dyco Petroleum Corp. v. Smith,* 771 P.2d 1006 (Okla.1989), argues that once the appraisers' award was approved by the trial court, Appellee should have paid the amount of the award into court. In *Dyco Petroleum,* the court held that, just as in condemnation cases, the Surface Damages Act should be construed to afford a surface owner access to a damage award without conditions, even if the award might later be challenged on appeal. "The clearly established policy in Oklahoma in relation to condemnation actions is to allow the condemnee to be compensated for the taking of his interest as soon as possible after that taking has occurred.... We find that [§ 318.6] should be interpreted consistently with this established policy." *Dyco Petroleum,* 771 P.2d at 1009. The only issue in *Dyco Petroleum* was whether the trial court should have required the surface owner to post security before withdrawing the money which had been paid into court. The quoted portion of the opinion above must be understood in that context, which is that once the confirmed appraisers' award is paid into court, the surface owner should immediately be able to withdraw the money without condition. Nothing in *Dyco Petroleum* speaks to the question presented by Appellant's delay in seeking payment of the confirmed appraisers' award.

Appellant also suggests actions instituted under the surface damage act are in the nature of condemnation actions, and the case of *Oklahoma City v. Wells,* 185 Okla. 369, 91

P.2d 1077, 123 A.L.R. 662 (1939), is authority for reversal. In *Wells,* the court affirmed an inverse condemnation judgment over the objections of the city that the owner's cause of action was barred by the statute of limitations, or by estoppel or laches. The court held that the plaintiff's suit to fix compensation for condemnation was a "special proceeding" and not an "action," and so was governed by the fifteen-year prescriptive limitation for adverse possession. Appellant's request for disbursement of the award was in no way the *commencement of a new action,* and so authority dealing with the statute of limitations is inapposite. It does not matter here whether a proceeding under the Surface Damages Act is classified (in the language of *Wells* ) as an "action" or a "special proceeding."

Instead, the critical inquiry here is whether the appraisers award constitutes a "judgment" which may become dormant (and thereby unenforceable) under § 735 by Appellant's failure to seek payment or enforcement. The trial court held that for purposes of the dormancy statute, the award became final when the mandate was issued and spread of record in 1988. Appellee argues the award constituted a judgment subject to § 735 because it was a "final determination of the rights of the parties in an action." 12 O.S. 1991 § 681.[6] Appellant has offered neither argument nor authority to suggest that the confirmed award was not a judgment within the meaning of § 735.

We hold that the award, once confirmed by the trial court, and after affirmance on appeal, was a judgment subject to the dormancy statute. Therefore, when Appellant failed to seek enforcement of the award within five years after the mandate was spread of record, the award became unenforceable. Even if, as stated in a limited context in *Dyco Petroleum,* there is inherent in the Surface Damages Act the same policy favoring

---

**5.** "Any aggrieved party may appeal from the decision of the court on exceptions to the report of the appraisers or the verdict rendered upon jury trial. *Such appeal shall not serve to delay the prosecution of the work on the premises in question if the award of the appraisers or jury has been deposited with the clerk for the use and benefit of the surface owner ...*" [Emphasis added.]

**6.** Appellee wisely has not repeated the assertion it made in the trial court, that the minority appraiser's estimate of zero damages became final when Appellant did not appeal from the trial court's order overruling his objections.

prompt payment of a confirmed appraisers' award, that policy is balanced against an equally valid policy, expressed in § 735, which compels an interested party to seek prompt enforcement of an award which stands unpaid, just as a person must seek enforcement of "any judgment ... rendered in any court of record in this state."

■ That being said, there is one point which remains to be addressed. Appellant argues that "Appellee's position is unconstitutional," because, as Appellant sees it, Appellee has acquired an interest in his land without paying just compensation. Appellant invokes Art. II, § 24, of the Oklahoma Constitution by citing the cases of *Kelly v. Oklahoma Turnpike Auth.,* 269 P.2d 359 (1954), and *Stinchcomb v. Oklahoma City,* 81 Okla. 250, 198 P. 508 (1921). Each of those cases deals with condemnation for public use, and the express constitutional provisions in Art. II, § 24, that until the compensation fixed by a board of commissioners is paid to the landowner or paid into court the property shall not be disturbed or the owner's rights divested, and that when and if the condemnor takes possession of the property the landowner is entitled to immediate payment of the condemnation award. Appellee in its answer brief has tried to explain why those provisions do not apply here. In this Court's view, it is not necessary to discuss Appellant's suggestion of a constitutional defect at length. Whatever interest Appellee has acquired in Appellant's land—the rights of ingress and egress and to continue operations on the land so long as oil and gas is produced in paying quantities, which "bundle of rights" is collectively characterized as an incorporeal hereditament or a profit *a prendre* [7]—was acquired without payment of compensation only because Appellant, for reasons which do not appear in the record, failed to seek enforcement of the appraised damages memorialized in judgment by the trial court when it confirmed the appraisers' reports. Appellant had the chance to argue his case for greater compensation, both in the trial court and on appeal.

7. *See, e.g., Hinds v. Phillips Petroleum Co.,* 591

The trial court's order denying Appellant's motion for disbursement must be, and hereby is, affirmed.

AFFIRMED.

ADAMS, V.C.J., concurs.

GARRETT, J., dissents.