2011 OK CIV APP 104

**CHARTER OAK PRODUCTION CO., L.L.C., Plaintiff/Appellant,**

v.

**Adrian O'Shea MORGAN and BNO Enterprises, L.L.C., Defendants/Appellees.**

Nos. 108,289, 108,290.

Court of Civil Appeals of Oklahoma, Division No. 1.

March 31, 2011.

Certiorari Denied May 31, 2011.

Alan Agee, Garvin, Agee, Carlton & Mash-burn, P.C., Pauls Valley, Oklahoma, for Plaintiff/Appellant.

James B. Blevins, Jr., Carrie Kopp, Pur-cell, Oklahoma, for Defendant/Appellee, Adrian O'Shea Morgan.

Rollin Nash, Jr., Gina D. Knight, Nash, Cohenour, Kelley & Giessman, P.C., Oklahoma City, Oklahoma, for Defendant/Appellee, BNO Enterprises, L.L.C.

ROBERT DICK BELL, Chief Judge.

¶ 1 Plaintiff/Appellant, Charter Oak Production Co., L.L.C., appeals from the trial court's order granting the dismissal motions of Defendants/Appellees, Adrian O'Shea Morgan and BNO Enterprises, L.L.C., on the ground Plaintiff did not have standing to bring this action as an "operator" under the Surface Damages Act (Act), 52 O.S.2001 § 318.2 *et seq.* For the reasons set forth below, we reverse and remand for further proceedings.

¶ 2 The record reveals that by Order No. 568552, dated June 22, 2009, the Oklahoma Corporation Commission (Commission) designated Plaintiff as the operator of an 80 acre drilling and spacing unit in McClain County. Thereafter, Plaintiff attempted to negotiate surface damages with Defendant Morgan, who is the record surface estate owner of several acres of the subject property by virtue of a contract for deed executed by Defendant BNO. When a settlement could not be reached, Plaintiff filed the instant action on September 2, 2009, seeking the appointment of appraisers to help settle the amount of Defendants' damages. *See* 52 O.S. Supp. 2002 § 318.5(A). The Petition averred Plaintiff had the right to bring the action by virtue of express and implied terms of certain oil and gas leases and operational agreements covering the mineral rights in the subject property.

¶ 3 Both Defendants independently moved to dismiss on the ground Plaintiff did not have standing to bring this action when it did. Specifically, both Defendants asserted Plaintiff was required to show under § 318.2(1) that it had record ownership of a mineral or leasehold interest before it qualified as an "operator" under the Act. Section 318.2(1) defines an operator as "a mineral owner or lessee who is engaged in drilling or preparing to drill for oil or gas." As Plaintiff correctly notes, unlike § 318.2(2) which defines a surface owner under the Act as an owner "of record" of the affected surface property, the Act's definition of an operator contains no such "of record" requirement. Plaintiff responded to the dismissal motions by producing the Commission's order showing Plaintiff as the designated unit operator.

¶ 4 The trial court ordered the proceedings as a companion to another Surface Damages Act matter involving Plaintiff and the court's eventual ruling disposed of both cases. The other case, which is the subject of the appeal in Case No. 108,290, was previously a companion case with the instant proceedings for appellate review. We decide both appeals today by separate opinions.

¶ 5 After conducting a hearing and receiving evidence, the trial court dismissed Plaintiff's petition. The trial court rejected the Defendants' argument that § 318.2(1) required Plaintiff to demonstrate *record* ownership to establish standing as an operator under the Act. However, the trial court held Plaintiff failed to show it had any interest in the subject property prior to filing its petition. It is apparent from the dismissal order that the trial court rejected some evidence showing Plaintiff acquired leasehold interests in the subject property prior to September 2, 2009. Plaintiff's motion for new trial was overruled. From said judgment, Plaintiff appeals. This matter stands submitted for accelerated appellate review on the trial court record pursuant to Rule 4(m), *Rules for District Courts*, 12 O.S. Supp.2002, Ch. 2, App., and Rule 1.36, *Oklahoma Supreme Court Rules*, 12 O.S. Supp. 2003, Ch. 15, App. 1. In reviewing a trial court's "disposition by dismissal, this court examines the issues *de novo.*" *May v. Mid–Century Ins. Co.*, 2006 OK 100, ¶ 10, 151 P.3d 132, 136.

¶ 6 Notwithstanding the arguments advanced by both sides during the course of litigation and on appeal, we find Defendants' assault on Plaintiff's standing as an operator under the Surface Damages Act amounts to a collateral attack on Commission Order No. 568552. Title 52 O.S.2001 § 111 states in relevant part:

No collateral attack shall be allowed upon orders, rules and regulations of the Commission made hereunder, but the sole method of reviewing such orders and inquiring into and determining their validity, justness, reasonableness or correctness shall be by appeal from such orders, rules or regulations to the Supreme Court. On appeal every such order, rule or regulation shall be regarded as prima facie, valid, reasonable and just. No court of this state except the Supreme Court, and it only on appeal, as herein provided, shall have jurisdiction to review, reverse, annul, modify or correct any order, rule, or regulation of the Commission within the general scope of its authority. . . .

¶ 7 "A collateral attack is an attempt to avoid, defeat, evade, or deny the force and effect of a final order or judgment in an incidental proceeding other than by appeal, writ of error, certiorari, or motion for new trial." *Nilsen v. Ports of Call Oil Co.,* 1985 OK 104, ¶ 11, 711 P.2d 98, 101 n. 5.

When considering a collateral attack, a court may not go beyond determining whether the judgment is void on the face of the judgment roll. [*Nilsen*] at n.6, 711 P.2d at 101. "A collateral attack may not be launched on a Commission order facially invulnerable. A district court's power to inquire into the validity of Commission orders is legally limited to ascertaining if [the] Commission had jurisdiction to issue the order." *Pelican* [*Prod. Corp. v. Wishbone Oil & Gas, Inc.*], 1987 OK CIV APP 74 at ¶ 13, 746 P.2d [209] at 212.

*Harding & Shelton, Inc. v. PITCO,* 2005 OK CIV APP 88, ¶ 20, 123 P.3d 56, 63.

¶ 8 We agree with Defendants that the Commission does not have jurisdiction to determine title. *Samson Resources Co. v. Oklahoma Corp. Comm'n,* 1993 OK CIV APP 67, ¶ 9, 859 P.2d 1118, 1121. However, the Commission does have under Oklahoma's Oil and Gas Conservation Act, specifically 52 O.S. Supp.2007 § 87.1(a), "the power to receive evidence and determine whether an applicant owns minerals or has the right to drill in the subject unit." *Samson* at ¶ 9, 859 P.2d at 1121. Such a determination "is a finding of fact to be made by the Commission, whose findings must be supported by substantial evidence." *Id.* at ¶ 8, 859 P.2d at 1121. Moreover, in the exercise of its state police powers, the Commission is vested with exclusive jurisdiction to designate the operator of a drilling and spacing unit. *Crest Res. & Exploration Corp. v. Corporation Comm'n,* 1980 OK 133, ¶¶ 5–6, 617 P.2d 215, 217.[1] The sole method for seeking review of such an order is by appeal to the Oklahoma Supreme Court. 52 O.S.2001 § 111. Absent some jurisdictional defect apparent on the face of the judgment roll, a district court has no authority to second guess a Commission order designating a unit operator. *Nilsen,* 1985 OK 104 at ¶ 11, 711 P.2d at 101 n. 5.

¶ 9 In the present case, the Commission possessed the exclusive authority to decide whether Plaintiff had the right to drill in the subject property, and we presume the Commission's determination was supported by substantial evidence. Nothing in the record demonstrates the Commission lacked jurisdiction to enter Order No. 568552. By attacking Plaintiff's standing as an operator, Defendants are attempting to defeat a final, facially invulnerable order of the Commission. Such an assault upon an operator's standing to bring a proceeding under the Surface Damages Act is a prohibited collateral attack on the Corporation Commission's authority to designate a unit operator.

¶ 10 On the basis of the foregoing and after *de novo* review, we hold the trial court erred in holding Plaintiff lacked standing to initiate these proceedings. Accordingly, the

1. Section 318.8 of the Surface Damages Act specifically states, "Nothing in this act shall be construed as repealing or limiting the jurisdiction, authority and power of the Oklahoma Corporation Commission." Thus, no definition of "operator" under the Act could be interpreted as limiting the Commission's authority to name a unit operator pursuant to § 87.1(a).

judgment of the trial court is reversed and this matter is remanded for further proceedings consistent with this opinion.

¶ 11 REVERSED AND REMANDED.

HETHERINGTON, P.J., and HANSEN, J., concur.