## OKLAHOMA GAS & ELEC. CO. v. MILLER BROS. 101 RANCH TRUST et al.

No. 23710.   June 11, 1935.

Rehearing Denied July 2, 1935.

102

Rainey, Flynn, Green & Anderson, John P. Roemer, L. J. Sartain, and Wm. M. Bowles, for plaintiff in error.

Sullivan & Sullivan, Henry S. Johnston, and R. O. Wilson, for Fred C. Clarke, receiver for Miller Brothers 101 Ranch Trust.

GIBSON, J. The Oklahoma Gas & Electric Company, referred to herein as plaintiff, commenced two separate proceedings in the district court of Noble county against the Miller Brothers 101 Ranch Trust, referred to herein as defendant, to condemn for right of way purposes a strip of land 30 feet in width across a tract of land containing 160 acres and across another tract of 80 acres. The causes were consolidated, and, upon demand of both parties, a jury was called to assess damages after the reports of the commissioners appointed by the court were objected to.

Verdicts were returned awarding defendant $400 as to the 80 acre tract, and $500 as to the 160-acre tract. From judgments in conformity with these verdicts, the plaintiff has appealed.

Plaintiff contends that the verdicts were excessive and influenced by passion and prejudice; that the damages assessed are greatly in excess of the damage actually suffered; that the court erred in permitting certain testimony to go to the jury, committed errors of law at the trial, and erred in giving certain instructions and in refusing certain requested instructions.

Defendants contend that the plaintiff sought at the trial, and now seeks, to avoid the responsibility of being bound by its own pleadings, and that the verdicts, when considered in the light of the demands made in plaintiff's petitions, are not excessive; also that the plaintiff, by the allegations of its petitions, sought not only to condemn the 30-foot right of way, but desired, for maintenance and operation purposes, the right of ingress and egress over and across any and all portions of the two tracts remaining uncondemned.

Each petition described the tract over which the right of way was sought, and described the right of way by meets and bounds and contained the statement, "with the right of ingress and egress across said land of the defendant. * * *" This allegation, defendants contend, binds plaintiff as seeking a perpetual easement over and across the entire tracts at any and all points, and that the damage occasioned thereby to

the realty is a proper element to be considered by the jury in arriving at its award.

At the trial the plaintiff strongly maintained the position that it was seeking to condemn no other easement than the 30-foot right of way and the right of ingress and egress across said 30-foot strip. We are nowhere referred to any evidence tending to show that the right of ingress and egress over and across all the land was necessary to the proper use of said 30-foot strip or necessarily incident to the rights for which it was condemned. The remedy for an injury to the land which is not a necessary incident to the construction and operation of the public service for which the land is taken, but is due to willful or negligent construction or operation, is not such remedy as is given by the statutes relating to eminent domain. The landowner in such case has a separate and distinct cause of action, such as trespass, and is not entitled to have such injuries considered in awarding damages under condemnation proceedings. 10 R. C. L. 225, sec. 191.

Plaintiff, in open court, disavowed any intention of condemning more than the 30-foot strip. Its contention was that it had no use for other rights. In the face of these contentions the allegations of the petitions must be construed as limiting the plaintiff to the 30-foot right of way, with right of ingress and egress over and across the same. These proceedings are adverse to the defendants. The plaintiff is seeking to take their property. The allegations as to the exact portions of the property sought to be taken are somewhat vague and may be susceptible of two constructions. In such case the construction will be adopted which is most favorable to the plaintiff, that is, the construction will be given which will tend more to restrict plaintiff's demands. 49 C. J. 105-107. We must construe the allegations as restricting plaintiff to the right of way over the 30 feet only.

Under this state of the pleadings and contention of the parties, witnesses were allowed, over objection of plaintiff, to express their opinions as to the value of the land, taking into consideration plaintiff's purported right of ingress and egress across all of said lands. Since this right was not sought, and since it formed no part of the issues in the case, allowing the same to be considered in arriving at the value of the land after taking the right of way was prejudicial error, in that the jury was allowed to assess against plaintiff damages for an alleged in-

jury to the land for a right neither taken nor sought by plaintiff.

The court's instructions informed the jury that plaintiff was seeking the right of ingress and egress across all of defendant's lands. Thus the jury was allowed to consider this element of damages. It is reasonably certain that the awards as given were largely based upon this erroneous statement of the law, and the giving of such instructions constitutes reversible error.

For the reasons herein stated, the judgments are reversed and the causes remanded, with instructions to take such further proceedings as are consistent with the views herein expressed.

McNEILL, C. J., and RILEY, WELCH, and PHELPS, JJ., concur.