PACE et al. v. MASSEY.

*100 P. 2d 440.*

No. 29369. March 19, 1940.

S. H. Singleton, of Oklahoma City, and Brown & Cund, of Duncan, for plaintiffs in error.

J. P. Speer, of Duncan, for defendant in error.

BAYLESS, C. J.  J. C. Massey filed an action in the district court of Stephens county, Okla., against Geo. L. Pace et al., the owners and operators of an oil and gas lease near the lands of the plaintiff. The purpose of the plaintiff's action was to recover damages for the permanent destruction of 20 acres of his land and for crop losses, alleged to have occurred through the negligence of the defendants in permitting pollutive substances to escape from their leasehold estate and to flow through natural watercourses crossing plaintiff's land, from whence it was cast onto plaintiff's lands by successive annual overflows of the watercourses. Judgment was for plaintiff, and defendants appeal.

The plaintiff filed his petition on July 12, 1937, and filed an amended petition January 8, 1938. This is of significance because of the argument respecting the statute of limitations made by defendants. Our consideration of these petitions causes us to feel that they are the same in substance, and that the amended petition is merely a restatement of the petition, except that the crop damages are itemized, and result in a greater total than was first sued for. We think, for the purpose of the argument on this aspect of the case, July 12, 1937, is the date that should be taken for the filing of the action. The discrepancy in the matter of crop damage does not so change the issues as to make the amended petition a new and different cause of action.

The undisputed testimony of the plaintiff shows these things: He noticed salt water from defendants' leases running through his land in 1932; he noticed in 1933 that some of his land adjacent to the watercourse was permanently destroyed, and more of it was so affected in 1934, and more in 1935, and that 20 acres were destroyed at the time of the filing of the suit. He testified that the salt water was cast onto his land each year by spring floods, and said floods in 1935 occurred not later than sometime in June. He also testified that by the time of the cessation of the floods in 1935, as much as 15 acres of the 20 acres now sued for were destroyed. He also testified that the defendants had, before the trial, stopped the salt water from running onto his land, and by this we understand that his injuries came from a temporary source—that is, one that could be abated by the expenditure of labor and money. But it is not contended, as we understand the case, that injury to the land is temporary. It is permanent. See Comar Oil Co. v. Hackney, 119 Okla. 285, 250 P. 93; Carter Oil Co. v. Kerley, 109 Okla. 69, 234 P. 737, and many decisions following them.

Therefore, plaintiff's right to sue for the injuries done him is governed by the rule announced in Pine v. Duncan, 179 Okla. 336, 65 P. 2d 492, and other cases, that damages to realty caused by overflow of polluted watercourse may be sued for within two years from the time of the injury. We do not understand the defendants herein to urge the contrary. In fact, their contention is: When plaintiff observed in 1933 that some of his land was permanently injured, his cause of action therefor arose and was barred two years thereafter, and likewise, for the additional land damaged in successive years. Stated another way: Their contention is that plaintiff could not recover for any damages that he suffered more than two years before July 12, 1937; and we agree. Plaintiff was only entitled to recover for the damages after July 12, 1935, and obviously all evidence of damages prior thereto was inadmissible insofar as it was intended to be used as

a basis for recovery for such damages. The trial judge admitted this evidence over the objections of defendants. In the instructions the trial judge seemed to adopt defendants' contention, because he instructed that plaintiff could not recover for damages that were obvious prior to July 12, 1935; but, in the same instruction, he also instructed the jury that if the damages complained of were not obvious or known to plaintiff until the filing of the suit, then they could allow for all damages. This was clearly erroneous, for the plaintiff testified positively and in detail respecting his knowledge year by year beginning with 1933 and acre by acre of the injury that was being done to his land by the defendants.

The plaintiff's testimony in this respect is so clear that we could ignore the testimony respecting damages prior to the two-year period if there was any evidence on the measure of damages by which we could determine whether the verdict was within the proper range.

The rule is that the measure of damages is the difference between the fair cash market value of the land just prior to the injury and the fair cash market value of the land just thereafter. Darby Pet. Corp. v. Mason, 176 Okla. 138, 54 P. 2d 1046, and Mid-Cont. Petroleum Co. v. Fisher, 183 Okla. 638, 84 P. 2d 22, and other cases.

The plaintiff made no effort herein to establish such a comparative basis. His attorney had him testify as to the value of the land for the years 1931, 1932, 1933, 1934, 1935, 1936, and 1937. These estimates of values related to the annual period generally and not to the relatively precise dates of just prior and just subsequent to the injuries within the statutory · period during which he could recover. After testifying as to the progressively diminishing values, these questions were asked and answers given:

"Q. So that in your opinion a reasonable market value for those years? A. Considering those things, yes, sir.

Q. Considering both the damage to the land and the general decline? A. Depression in values, yes, sir. Q. Depression in values all over the county. That is all. Step down."

It is obvious from these questions and answers, which are repetitious and to the asking of which theretofore there were objection and exceptions, that the witness was not testifying as to diminished values as brought about by injuries by pollution only, but was also intermingling the effect of a general decline in farm lands due to nation-wide economic conditions. This factor could not form any legal evidence for a jury, and its admission in its present form, wholly unexplained or differentiated, was error.

The judgment is reversed.

OSBORN, GIBSON, HURST, and DANNER, JJ., concur.