**STATE of Oklahoma ex rel. DEPARTMENT OF HIGHWAYS of the State of Oklahoma, Appellant,**

v.

**O'DEA et al., Appellees.**

**No. 47872.**

Supreme Court of Oklahoma.

Oct. 12, 1976.

Thomas N. Keltner, Chief, Legal Div., Oklahoma City, State of Oklahoma ex rel. Department of Highways of The State of Oklahoma, for appellant.

Vester Songer, James Bounds, Hugo, for appellees.

DOOLIN, Justice:

The question presented for decision is: does the district court have authority in a condemnation proceeding to order dismissal with or without prejudice after the state has taken possession and the award of commissioners has been distributed to the owners? The trial court of Choctaw County has not attempted to dismiss the state's action with prejudice in the instant case but without prejudice. However, we do not feel this fact to be decisive of any of the issues herein. We hold that under these facts a trial court may not dismiss the state's action with or without prejudice.

The fact situation involved is not in question. The state (Dept. of Highways) commenced condemnation proceedings in June 1969 against the several defendants who held an interest in real property situated in Choctaw County, Oklahoma; service was obtained upon all defendants; commissioners (appraisers) were appointed without objection. The commissioners made their report to the court in July 1969 fixing value. Thereafter the state deposited this amount and in proper time the state filed exceptions to the commissioners' report and a written demand for jury trial. The court ordered disbursement of the funds to the interested defendants, including Ruth O'Dea, M. L. Castleberry and others.

Subsequent to July 1970, both O'Dea and Castleberry died. In July 1972, the state filed a motion and notice of revivor reference M. L. Castleberry and in January 1974, one of the defendants suggested the death of Ruth O'Dea.

We find no official record that the case was set for trial on or about July 24, 1974, but there is an untitled holographic statement in the record, stating that the cause was stricken or a mistrial declared on that date.

Also, although the record is not clear, the proceeding appears to have been dismissed at one time and apparently reinstated by verbal orders sometime prior to September of 1974. No order or minute exists as to such proceeding but on September 13, 1974, an order was issued attempting to place all actions of the court in perspective and from this we know that the trial court had ordered the state to proceed with the appointment of administrators or executors for the deceased parties. Instead of a proceeding to appoint representative parties for the heirs of the decedents, the state filed a brief, stating the O'Dea estate was being probated and asking that the state be allowed to recast its pleadings. This order was overruled by the court on September 13, 1974 and the trial court did then dismiss the state's action without prejudice, giving as a reason the failure of the state to respond to the order requiring a revivor of substitution of parties and for a failure to prosecute diligently under rule #9, 12 O.S.1971, Ch. 2 App.[1]

---

1. Rule 9. Diligence in Prosecution: Any cause of action shall be subject to dismissal for want of prosecution, upon the court's own motion, if not diligently prosecuted. In any case in which summons is not issued or waiver filed within ninety (90) days after the filing of the petition, or alias summons is not issued within thirty (30) days after return of the summons not served, the action may be dismissed by the court without notice to the plaintiff.

■ Condemnation proceedings are special proceedings neither strictly tort nor subject to all rules of law or equity. *Graham v. City of Duncan,* 354 P.2d 458 (Okl.1960). We do not say condemnation proceedings can never be dismissed; we say when an award is entered, taken down and distributed and possession granted (the facts of this case), there cannot ordinarily be a dismissal with or without prejudice for failure to prosecute under rule 9.

■ Under Oklahoma law, title does not vest in the condemnor "until compensation awarded by the commissioners [has been] paid to the land-owner." *Oklahoma Turnpike Authority v. Dye,* 208 Okl. 396, 256 P.2d 438 (1953).

In *State ex rel. State Highway Commission v. Burks,* 79 N.M. 373, 443 P.2d 866 (1968) the court held, rules pertaining to mandatory dismissal of actions are inapplicable to eminent domain proceedings after an order of entry has been made as to some part of the property being condemned. It is true in that case special proceedings such as eminent domain were apparently excepted from the general rules covering civil procedure. The court concluded at p. 867:

"It would certainly be inconsistent to provide for the complete taking of the property with the right to construct a highway or other improvement thereon, leaving only the amount of compensation for the property taken to be determined, and, at the same time, to provide for mandatory dismissal of the proceeding by which the landowner can obtain compensation for his property taken after the lapse of a certain period of time. Such a construction would lead to an absurd result."

■ We further approve the statement of the high New Mexico court in the same case that concludes:

" * * * * * where such permanent order (permitting the condemnor to enter) has been entered, the court is without authority to dismiss the action here. We do not mean to say that under the proper circumstances the inherent power of the court to dismiss for lack of prosecution cannot be exercised." (Parenthetical phrase supplied).[2]

The state suggests that the trial court had no right to require it to make the substitution of the parties by virue of the shifting burden as shown in *Graham v. City of Duncan,* supra. We are not impressed with this argument. We hold the general plenary power of the district courts of Oklahoma is sufficient to allow discretion in the judge to order either party to substitute parties.[3]

■ Likewise the trial court possesses the power to invoke the sanction of contempt for state's failure to act.

Judgment of the trial court reversed and remanded.

WILLIAMS, C. J., and DAVISON, IRWIN and BERRY, JJ., concur.

HODGES, V. C. J., and LAVENDER, BARNES and SIMMS, JJ., dissent.

2. See *LaPratt v. City of North Las Vegas,* 535 P.2d 795 (Nev.1975) for application of the same reasoning where the order of the trial court dismissing against the landowner for failure to proceed with diligence the court holding:

"When an effort was made to complete the trial several years later, the court, sua sponte dismissed City's proceeding 'with prejudice' to the property owner, for failure to proceed with diligence. The property owner has not had his day in court on the issue of compensation."

See also *Northeast Texas Municipal Water District v. W. B. Mims,* 389 S.W.2d 347 (Tex.Civ.App.1965).

3. Laws 1965 Ch. 299 § 2 et seq. has strictly speaking repealed revivor statutes and substituted the procedure outline thereunder for revivor; cf. 12 O.S.1961 § 1063 et seq.