**Glen O. YOUNG, Appellant,**

v.

**SEAWAY PIPELINE, INC., Apco Oil Corp., Continental Pipeline Co., CRA, Inc., Phillips Investment Co., Diamond Shamrock Corp., Midland Cooperatives, Inc., National Cooperative Refinery Assoc., Phillips Petroleum Company and Continental Field Service Corp., as Agents, Servants, and Employees and Co-Partners of said Seaway Pipeline, Inc., H. L. Graham, Appellees.**

No. 49376.

Supreme Court of Oklahoma.

Dec. 20, 1977.

Rehearing Denied April 5, 1978.

See also, Okl., 576 P.2d 1144.

 

Glenn O. Young, pro se, Dan A. Erwin, Chandler, for appellant.

William G. Paul, John J. Griffin, Jr., Crowe, Dunlevy, Thweatt, Swinford, Johnson & Burdick, Oklahoma City, for appellee.

IRWIN, Justice:

The case at bar is a companion appeal arising out of related litigation over the construction of a pipeline across land owned by Glenn O. Young (appellant). Appellant commenced this action after Seaway Pipeline, Inc. instituted condemnation proceedings to secure a pipeline right-of-way across appellant's land.[1] A number of various corporate and individual defendants were named by appellant in his petition, including Seaway, and they shall be collectively referred to hereafter as appellees. The trial court sustained appellees' demurrers to appellant's petition, refused to permit appellant to amend on the grounds that the petition was not amenable to any amendment which would state a cause of action, and dismissed appellants cause of action. Appellant appealed.

It would serve no useful purpose to set forth appellant's petition but granting appellant the benefit of every possible inference. Appellant's petition simply does not state a cause of action and the trial court correctly sustained the demurrer. However, in considering the trial court's refusal to permit amendment, the essential question is whether any of the purported grounds for recovery raised by some of the factual allegations may, with proper amendment, form the basis for a cause of action. This is the issue presented.

Appellant makes no attempt to separately state or otherwise delineate his theories of recovery. The petition endeavors to alleged facts supporting three grounds for recovery, (a) violation of federal and state antitrust laws, (b) abuse of process in prosecution of condemnation proceedings, and (c) trespass.

Appellant pleads a series of conclusory statements to the effect that the several appellees have conspired and combined to monopolize or otherwise restrain trade in the oil and gas industry. While the statements are wholly conclusory and contain virtually no facts subject to proof which would support the statements, the question remains whether an amended petition containing such factual allegations would support recovery. Appellees' demurrer was in this respect addressed to appellant's petition in two particulars, appellant's standing to assert violations of federal or state antitrust laws and the subject matter jurisdiction of Oklahoma courts to adjudicate the particular antitrust law violations alleged. Because of our conclusion with respect to appellees' latter proposition, there is no need to discuss whether appellant has the requisite standing to prosecute a civil action for violation of antitrust laws.

 Federal law and the laws of this jurisdiction declare that certain types of business combinations and certain business practices are unlawful.[2] Oklahoma statutes are patterned after the federal enactments being at times both cumulative and complimentary to federal legislation. While it is true that factual circumstances can be envisioned which would constitute a violation of both federal and state antitrust law, a cause of action or claim premised exclusively on violations of federal antitrust law can only be maintained in the federal courts. 15 U.S.C. § 15. The position of the United States Supreme Court has uniformly been that a claim under federal antitrust laws is a controversy, the subject matter of which, is "limited by federal law" and "for which recovery can be had only in the federal courts." *Blumenstock Bros. Advertising Agcy. v. Curtis Pub. Co.*, 252 U.S. 436, 40

---

1. See Nos. 48,890 and 49,375 (Cons. No. 49,-375) *Young v. Seaway Pipeline, Inc.,* Okl., 576 P.2d 1144 also decided this date.

2. 15 U.S.C. §§ 1 & 2; "Sherman Act". 15 U.S.C. § 15; "Clayton Act". 79 O.S. 1971, §§ 1 et seq.

S.Ct. 385, 64 L.Ed. 649 (1920). Thus, it is only when the facts plead constitute a cause of action under state law that state courts may entertain jurisdiction to determine the controversy.

■ However, there are certain types of antitrust violations which are nevertheless exclusively the province of federal jurisprudence, although constituting a violation of state law. This is because regulation of such combinations or conduct has been entirely preempted by federal authority. This is particularly the case where the industry involved is operating as an aspect of interstate commerce. The regulation of commerce between the states is exclusively the reserve of the federal government under the Commerce Clause. U.S.Const. Art. I, § 8; *Gibbons v. Ogden,* 9 Wheat. 1, 6 L.Ed. 23 (1824). State antitrust law may not operate to unduly burden interstate commerce. *Flood v. Kuhn,* 407 U.S. 258, 92 S.Ct. 2099, 32 L.Ed.2d 728 (1972).

■ The petition of appellant specifically alleges that Seaway and other appellees are engaged in interstate, indeed international, commerce, specifically the construction and operation of a pipeline from the Gulf of Mexico to Oklahoma. Preemptive federal legislation vests supervisory control over interstate pipeline companies in the Interstate Commerce Commission. No amendment to appellant's petition would make appellees' pipeline any less an integral part of interstate commerce. If there be facts allegeable which would give rise to grounds for appellant's recovery under federal antitrust law, the relief must be sought in federal court. The courts of this state have no jurisdiction over the subject matter of an alleged interstate conspiracy to violate antitrust laws.

In response to appellant's allegations that appellees had tortiously abused process in maintenance of a condemnation action and appellant's allegations of trespass, appellees entered special demurrers seeking to abate the present action in favor of the pending condemnation proceedings. The special demurrers were well taken.

■ Whether one seeking to exercise the power of eminent domain is an entity properly endowed with such power is by its very nature an essential aspect of the cause of action for condemnation. The truth or falsity of the allegations is inherently the proper concern of the court in a condemnation proceedings. The issue cannot be collaterally pursued in a separate proceeding.

■ As for the matter of trespass, appellant relies exclusively on this Court's recent decision in *Allen v. Transok Pipeline Company,* Okl., 552 P.2d 375 (1976). Such reliance is ill founded. *Allen,* supra, held, inter alia, that where no prior condemnation proceedings had been commenced and one clothed with power of eminent domain enters upon the land, the land owner may under certain circumstances maintain a separate suit for damages by reason of the trespass. In the case at bar, the petition alleges that a condemnation proceeding is pending, thus limiting appellant to the assertion of his alleged damage resulting from trespass in the condemnation proceedings.

Judgment of the trial court affirmed.

DAVISON, WILLIAMS, BERRY and SIMMS, JJ., and ROMANG, Special Justice, concur.

HODGES, C. J., and BARNES and DOOLIN, JJ., concur in part, dissent in part.

LAVENDER, V. C. J., having certified his disqualification in the above cause, the Honorable RICHARD E. ROMANG was appointed to serve in his stead.

DOOLIN, Justice, concurring in part, dissenting in part.

I concur with that portion of the majority opinion which holds federal legislation has pre-empted appellant's rights, requiring him to bring claims of anti-trust violations of interstate character in federal court. I dissent to that portion of opinion which does not allow appellant to amend his petition to comport with an action brought under state law, 79 O.S. 1971 § 1 et seq. Federal pre-emption of the field is not total.

The possibility of an action under state law is still present. Appellant was denied the opportunity to amend in order to plead such an action.

I am authorized to state that Chief Justice HODGES and Justice BARNES concur with the views expressed herein.