Tom DARLING, Donald H. Wills and Jon H. Bear, as Trustees of the G.T. and R.A. Kimbell Trust, Appellees,

v.

QUAIL CREEK PETROLEUM MANAGEMENT CORPORATION, Appellant.

No. 68907.

Court of Appeals of Oklahoma, Division 1.

Aug. 8, 1989.

Patrick Donnelly, Rebecca K. Schneider, Oklahoma City, for appellant.

Kenneth L. Delashaw, Marietta, for appellees.

## MEMORANDUM OPINION

GARRETT, Presiding Judge:

Quail Creek Petroleum Management Corporation (Appellant) is the lessee of an oil and gas lease located in Love County, Oklahoma, and described:

NW/4 of Section 3, Township 8 South, Range 2 West, Love County, State of Oklahoma.

Tom Darling, Donald H. Wills and Jon H. Bear (Appellees) are Trustees of the G.T. and R.A. Kimbell Trust which owns the surface estate where the lease is located. Appellees are Texas residents. In 1985, Appellant sent notice to Appellees of intent to drill a well on the leased premises, where Appellant was already operating two existing wells. The parties entered into negotiations as to surface damages, but no agreement was reached. Appellant entered upon the property and commenced drilling operations of a third well. Appellant did not petition the court to appoint appraisers pursuant to the Oklahoma Surface Damages Act, 52 O.S.Supp.1982 §§ 318.2–318.9 (the Act) prior to its entry upon the property. Appellees, as plaintiffs in the trial court, brought an action against

Appellant for damages to the land under the theory of private nuisance. After the Oklahoma Supreme Court's decision in *Davis Oil Company v. Cloud*, 766 P.2d 1347 (Okl.1986) (Reh. denied 1/17/89), (hereinafter *Davis*) was first rendered, Appellees filed their First Amended Petition. They amended their first cause of action and added a second cause of action under the Act, seeking treble damages and fees and costs.

The trial was bifurcated. The first phase was tried to a jury, ostensibly under the theory of nuisance, and the jury assessed actual damages in the amount of $7500.00. The second stage was tried to the court on the issue of whether Appellant should be assessed treble damages under the Act for the willful and knowing entry upon the land for the purpose of drilling a well without agreement of the surface owner, and for attorneys fees. The trial court awarded Appellee $10.00 for Appellant's willful and knowing failure to comply with the Act, and assessed attorneys fees in the amount of $12,500.00.

In the jury trial, the trial court instructed the jury that the plaintiffs' action was brought under the theory of nuisance. Appellant contends that Appellees amended their petition, after the decision in *Davis*, and changed their theory of recovery from nuisance to recovery under the Act, and the Act was erroneously applied to the case. We have examined the amended petition. Although Appellees deleted the word "nuisance" from their first cause of action, they alleged, in part, as follows:

3. That in March, 1985 the defendant commenced drilling operations on the aforementioned surface estate and successfully completed one well and that in so doing, caused temporary and permanent damage to the surface estate of plaintiffs for which they should be compensated.

4. That defendant appropriated water from a well of the plaintiffs without securing permission or making compensation to plaintiffs therefor.

5. That during the drilling and operations of such well, in addition to tempo-rary and permanent damages to the surface estate plaintiffs are suffering past, present and future damages, interference with the operation of the agricultural unit, inconvenience and annoyance.

Appellees, however, contend they went to trial (the jury trial) on their nuisance theory but were under the Act on their second cause of action for treble damages and attorney fees. Appellees contend that the Act was correctly applied to the case.

Appellant has raised eleven propositions of error. It is unnecessary to address all of them. However, it is necessary to discuss the applicability of the Act to this case. The Supreme Court's decision in *Davis* had been rendered at the time of the trial in the instant case, but the mandate was not issued until this year. There was no question that the Act was in effect at the time this dispute arose, however, as it was enacted in 1982. We hold that this case must be reversed. In so doing, we address the issues which are significant in reaching our decision.

First, Appellant contends that the trial court committed reversible error in applying the Act retroactively to this case. Under this proposition, Appellant has listed five sub-issues, addressing the Act's constitutionality and its lack of application to non-resident surface owners under § 318.3. This proposition is without merit in its entirety.

■ The issue of the application of the Act to this case was answered in *Davis*. The Supreme Court upheld the constitutionality of the Act and held that it would apply to leases existing at the time of its enactment. 766 P.2d at 1351. Thus, under *Davis*, the instant case is governed by the Act. The Act applies to resident and non-resident surface owners alike. Section 318.3 sets non-residents apart from residents only as to giving notice of the intent to commence drilling operations. It does not exclude them from the application of the Act.

■ Having determined that the Act applies to this case, we consider the proper

measure of damages. Appellees first brought this action under the common law theory of nuisance, and, after amendments to the asserted cause of action, the first stage of the trial was ostensibly tried under that theory. However, *Davis* mandates that the standard for measuring damages is the diminution of the fair market value of the land. This was reiterated in *Andress v. Bowlby, et al.*, 773 P.2d 1265 (Okl.1989). *Davis* allowed an instruction which included inconvenience because the instruction required that it could only be considered insofar as it affected the fair market value of the tract after the drilling operations. In other words, personal inconvenience suffered *by the surface owner* is not an additional or separate element of damages in a case under the Surface Damages Act. See *Dyco Petroleum Corporation v. Smith*, 771 P.2d 1006 (Okl.1989).

The transcript of the trial (Tr. p. 276) indicates that the court and the parties were attempting to include instructions on damages which covered *both* the Surface Damages Act and the theory of nuisance. This was error.

Again, in an action under the Surface Damages Act the measure of damages is the diminution of fair market value; and, inconvenience or annoyance may be considered, but only as it affects fair market value of the land. In an action under nuisance, personal inconvenience and annoyance in the enjoyment of one's land is certainly compensable, in addition to other elements. Because we find these causes of action to be incompatible, and because it appears from the record herein that the trial court essentially instructed on both, we find that it was impossible for the jury to assess the damages correctly.[1] The instructions, taken as a whole, are confusing. Included are an instruction on the diminution in fair market value, an instruction on inconvenience and annoyance to the surface owners, and an instruction which includes several elements (almost identical to the one in *Davis*), including convenient use

and enjoyment, but only as it affects the fair market value of the land.

We hold that an action for the determination of surface damages is to be governed only by the Act. This case must be reversed and remanded for further proceedings not inconsistent with this opinion.

REVERSED AND REMANDED.

HUNTER, J., concurs.

MacGUIGAN, J., not participating.

---

1. *Cf.*, specially concurring opinion by Wilson, J., in *Dyco Petroleum Corporation v. Smith*, 771 P.2d at 1009–1010.