2002 OK CIV APP 51

**CITY OF MARLOW, A Municipal Corporation, Plaintiff/Appellee,**

v.

**Stanley D. BOOKER; Paula J. Booker; James L. Davis and Jane Davis, Defendants/Appellants,**

and

**Hugh Gatlin, Trustee of the Hugh Gatlin Revocable Trust; Ruth Gatlin; Alvie Tatum; Billie Burrow Payne; William T. Payne, Mary Purdum Wade; the unknown Trustees of the Harry W. Hill Trust; Robert C. Lyle; Howard Hill; Rebecca Hill; Martha Ann Grubb; Beatrice Lewis; First National Bank & Trust Co. of Ada; Robert Hefner; GHK Company; The Hefner Company, Inc.; SCE Petroleum, L.L.C.; Nova Goodrich, Stephens County Treasurer, and The Board of County Commissioners of Stephens County, Defendants.**

**No. 96,701.**

Court of Civil Appeals of Oklahoma, Division No. 3.

Decided Nov. 30, 2001.

Rehearing Denied Dec. 28, 2001.

Certiorari Denied April 2, 2002.

Tom Frailey, Fleming, Frailey, Chafen, Cordell, Greenwood & Perryman, LLP, Chickasha, OK, for Plaintiff/Appellee.

George D. Sherrill, Jr., DeBois, Sherrill & Reynolds, Duncan, OK, for Defendant/Appellants.

CAROL M. HANSEN, Chief Judge.

¶1 Defendant/Appellants, Stanley D. Booker, Paula J. Booker, James L. Davis, and Jane Davis (collectively Landowners), seek review of the trial court's order granting the motion of Plaintiff/Appellee, City of Marlow (City), to dismiss Landowners' counterclaim for inverse condemnation in City's condemnation action. We hold Landowners may not prosecute a counterclaim in City's condemnation action. However, Landowners' pleading raised issues as to whether the commissioners failed to consider consequential injury to property not actually taken in ascertaining just compensation. Because Landowners demanded a jury trial within 60 days after the commissioners filed their report, the trial court must permit Landowners to litigate, in this proceeding, their right to just compensation for all damages incident to the construction and operation of the utility for which the land is taken.

¶2 City brought this condemnation action to acquire property for a sanitary sewer improvement project. It sought fee title to the surface rights in four tracts, permanent sewer line easements in five tracts, and temporary construction easements in two tracts. Landowners own tracts in which City sought permanent sewer line easements and which are adjacent to the tracts upon which City plans to build its sewage disposal facility.

¶3 After the commissioners filed their report, Landowners demanded a jury trial. They later filed counterclaims, denominated "cross-petitions," asserting the location and construction of the sewage disposal facility next to their properties substantially and permanently reduced the market value of the properties. Landowners sought inverse condemnation and asked the trial court to appoint commissioners to assess the amount of just compensation. City moved to dismiss the counterclaims, arguing Oklahoma law prohibits the filing of counterclaims in condemnation proceedings and requires that such claims be brought in separate proceedings. Landowners objected, arguing they were not seeking damages for any tort. They argued they sought to be compensated for the decrease in property value resulting from City's placement of the sewage disposal

plant adjacent to their land. The trial court granted City's motion to dismiss. It directed the filing of a final judgment on the counter-claims and expressly determined there was no just reason for delay in filing the final judgment. Landowners appeal without appellate briefs in conformance with the procedures for the appellate accelerated docket, Okla. Sup.Ct. R. 1.36, 12 O.S.Supp.1996, Ch. 15, App. 1.

¶ 4 Municipalities have the power to condemn private property for public use. 11 O.S.1991 § 22–105. The procedure for doing so is the same as that provided for railroad companies. 27 O.S.1991 § 5. The condemnor begins the proceeding by petitioning the district court to appoint three disinterested commissioners to assess the amount of just compensation to which the owner is entitled. 66 O.S.1991 § 53. When the commissioners file their report, either party may challenge it in one of two ways. The challenger may obtain the district court's review of the report by filing written exceptions within 30 days, or it may file a written demand for jury trial within 60 days, "in which case the amount of damages shall be assessed by a jury, and the trial shall be conducted and judgment entered in the same manner as civil actions in the district court." 66 O.S.1991 § 55(A).

¶ 5 The property owner is entitled to just compensation for property "taken or damaged for public use." Okla. Const. Art. 2, § 24. Just compensation means "the value of the property taken, and in addition, any injury to any part of the property not taken." *Id.* The just compensation clause protects property not actually taken, but consequentially damaged by the making of a public improvement. *Williams v. State ex rel. Dept. of Transp.*, 2000 OK CIV APP 19, 998 P.2d 1245, 1249.

¶ 6 A condemnation action is a special proceeding and must be carried out in accordance with legislatively prescribed procedure. *Bd. of County Com'rs of Creek Co. v. Casteel,* 1974 OK 31, 522 P.2d 608, 610. The only pleadings authorized by statute are a petition and either an objection to the report of the commissioners or a demand for jury trial. *Id.,* and 66 O.S.1991 §§ 53 and 55. An answer is of no effect; "[o]nly a demand for jury trial will bring to issue the question of damages." *Bd. of County Com'rs of Creek Co. v. Casteel, 522 P.2d at 611.*

¶ 7 Damages are determined as of the time the property is taken. *Oklahoma Turnpike Authority v. Burk,* 1966 OK 113, 415 P.2d 1001, 1005. A jury may assess only those damages incident to the construction and operation of the utility for which the land is taken. *Western Farmers Elec. Co-op. v. Willard,* 1986 OK CIV APP 5, 726 P.2d 361, 364. The remedy for damages which are not necessarily incident to the construction and operation of a public improvement for which the land is taken, such as exceeding the scope of an easement, negligently operating the public utility, and other tortious behavior, is through a separate cause of action in tort. *Curtis v. WFEC R.R. Co.,* 2000 OK 26, 1 P.3d 996, 1001.

¶ 8 In the instant case, Landowners do not seek to recover for City's tortious behavior. Rather, the right they seek to enforce in their counterclaim is their right to receive just compensation for the consequential injury to property not actually taken but damaged as a result of City's building a public utility on adjacent land. City's petition for condemnation sought property for a sanitary sewer improvement project, which involves the construction of sewage lagoons and land application of sewage as well as the construction of sewer lines. Although Landowners' property is **taken** only for the construction of sewer lines, it may be **damaged** by the construction of other aspects of the project.

¶ 9 Landowners' counter-petition, like an answer, is of no effect in the condemnation proceeding. However, their demand for jury trial preserves their right to litigate the question of damages incident to the construction and operation of the sanitary sewer improvement project. Accordingly, we AFFIRM the trial court's order to the extent it dismissed any counterclaim. We REVERSE the order to the extent it prevents Landowners from litigating, in this proceeding, their right to just compensation for all damages incident to the construction and operation of the sanitary sewer improvement project for

which the land is taken. This matter is REMANDED for further proceedings consistent with this opinion.

¶ 10 GARRETT, J., and BUETTNER, P.J., concur.