2002 OK CIV APP 13

**VASTAR RESOURCES, INC.,**
Plaintiff/Appellant/Counter–
Appellee,

v.

**Betty J. HOWARD; Carolyn K. Scheer; Teresa K. Rutherford now LeBeau; and Linda J. Bunch, Defendants/Appellees/Counter–Appellant.**

No. 93,285.

Court of Civil Appeals of Oklahoma,
Division No. 2.

Decided May 1, 2001.

Mandate Issued Jan. 18, 2002.

Certiorari Denied Nov. 20, 2001.

Rehearing Denied Sept. 11, 2001.

Patricia G. Parrish, Karl F. Hirsch, Musser & Bunch, Oklahoma City, OK, For Plaintiff/Appellant/Counter–Appellee.

Kenneth R. Johnston, Wes Johnston, Kenneth R. Johnston & Associates, Chickasha, OK, For Defendants/Appellees/Counter–Appellants.

Opinion by JERRY L. GOODMAN, Presiding Judge:

¶ 1 This is an appeal by Plaintiff, Vastar Resources, Inc., from the trial court's entry of judgment on a jury verdict in favor of Defendants (Landowners) for damages under the Surface Damages Act (Act), 52 O.S.1991 §§ 318.2—318.9. By order of the Oklahoma Supreme Court, the appeal has been consolidated with Landowners' appeal of the trial court's denial of an attorney's fee and costs. Based upon our review of the record and applicable law, we reverse and remand.

## I. FACTS

¶ 2 Vastar holds drilling rights on 170 acres of property owned by Landowners. Before drilling operations began, the parties unsuccessfully attempted to negotiate an agreement for surface damages to the land. Vastar subsequently drilled two wells on the property.

¶ 3 Vastar filed a petition pursuant to the Act requesting that the trial court appoint appraisers to determine the amount of surface damages. The trial court appointed the appraisers, who set damages at $28,000. Landowners demanded a jury trial.

¶ 4 Before trial, Landowners filed a pretrial motion stating they intended to present

expert testimony that Vastar's drilling operations had potentially resulted in groundwater and subsurface pollution. They asserted the evidence at trial would show Vastar buried reserve pit liquids, drilling mud, and other substances generated during drilling into reserve pits lined with plastic. They further asserted Vastar then "trenched" the pits by bulldozing the contents into deep holes, likely resulting in the plastic liner breaking and the contents leaking and polluting the groundwater. They also asserted Vastar caused further pollution by dumping hydrochloric acid and other chemicals onto the property.

¶ 5 Vastar filed a motion in limine to prevent the introduction of the evidence. Vastar asserted that the Act did not allow for damages to the subsurface estate, and that if Landowners had damages resulting from pollution, those damages would have to be litigated in a separate tort action.

¶ 6 At a hearing, the trial court denied Vastar's motion, stating:

> I think [Landowners] have thrown it into a negligent-type situation, and it is my belief that that was not the intent of the Legislature in passing the Surface Damage Act.... I believe that as long as you all talk about what [Vastar] did, the result of what they did, and how that result impacted the value of the unit—whatever you all establish as a unit—then we're home free. And I—if it's pollution, then they can talk about it. Because I think that that is a part of the operation—what they did out there—and so what resulted from their operation is what you all have to pay for. And if that's pollution and they can get the experts on here, then I'm going to let it in, so long as they don't try to, also, with that same paint brush, paint some negligence and some wrongdoing in there....

¶ 7 At trial, Landowners presented evidence of pollution and resulting damages, which Vastar disputed. The two sides presented different expert opinions as to total damages, ranging from $12,800 to $170,000.

¶ 8 The jury awarded Landowners $50,000. Vastar appeals. The trial court later denied Landowners' request for an attorney's fee and costs. Landowners appeal that decision.

## II. STANDARD OF REVIEW

¶ 9 Rulings concerning the admissibility of evidence are measured against the abuse-of-discretion standard. *Holm–Waddle v. Hawley*, 1998 OK 53, 967 P.2d 1180. The Oklahoma Supreme Court has specifically held the abuse-of-discretion standard is applicable to a trial court's decision admitting or excluding evidence concerning fair market value. *State ex rel. Dept. of Highways v. Robb*, 1969 OK 47, 454 P.2d 313. Fair market value is at the center of the case in controversy, because the issue in cases brought under the Act is the determination of the damage to the surface estate "as measured by the diminution of the fair market value of the property...." *Davis Oil Co. v. Cloud*, 1986 OK 73, ¶ 23, 766 P.2d 1347, 1352–53.

## III. ANALYSIS

¶ 10 In *Davis Oil* the Oklahoma Supreme Court took its first in-depth look at the Act. It held that the legislature could properly change the standard of liability for damages to the surface estate resulting from the exercise of the mineral holder's right to enter and use the land to take oil and gas. *Id.* at ¶ 13, 766 P.2d at 1350. The court approved a trial court instruction that a jury could consider the following factors in determining damages:

1. The location or site of the drilling operation;

2. The quality and value of the land used or disturbed by said drilling operations;

3. Incidental features resulting from said drilling operations which may affect convenient use and further enjoyment;

4. Inconvenience suffered in the actual use of the land by operator;

5. Whether the damages, if any, are temporary or permanent in nature;

6. Changes in physical condition of the tract;

7. Irregularity of shape and reduction, or denial, of access;

8. The destruction, if any, of native grasses, and/or growing crops, if any, caused by drilling operation.

*Id.* at ¶ 22, 766 P.2d at 1352. Evidence relating to any of these factors must be considered only as it affects the fair market value of the surface estate. *Id.*

¶ 11 Landowners assert that evidence of pollution to their land fits under the above factors. In fact, they argue that the Act allows them to recover for any damage caused by the drilling of the wells. We agree that they are entitled to full compensation for Vastar's drilling operations, but we disagree with their assertion that they are entitled to do so under the Act.

¶ 12 In analyzing this question, we can look to condemnation law for guidance. That is because the Act provides that a trial on the matter of damages shall be conducted and judgment shall be entered in the same manner as railroad condemnation actions tried to the court. 52 O.S.1991 § 318.5 (F). Beyond that, the Oklahoma Supreme Court has specifically held that "the nature of the action under the surface damages act clearly partakes of the nature of a condemnation action...." *Davis Oil,* 1986 OK 73, ¶ 24, 766 P.2d at 1353. Additionally, we have noted that the language of § 318 is "[p]erhaps the most telltale guide in the Act for determining damages" and that *"Davis Oil* specifically held that the factors and elements of damages under condemnation law are properly applied in these cases." *Santa Fe Minerals, Inc. v. Simpson,* 1987 OK CIV APP 24, ¶ 9, 735 P.2d 1206, 1208.

¶ 13 An analysis of condemnation law reveals our courts have consistently held that a landowner's proper remedy for damages resulting from the tortious behavior of a condemnor is in a civil action separate from the condemnation action. Most recently, in *Curtis v. WFEC R.R.,* 2000 OK 26, ¶ 15, 1 P.3d 996, 1000, the Oklahoma Supreme Court referred to several cases holding that when a landowner seeks damages beyond those which are merely incident for the land taken, the remedy for such tortious conduct is through a separate and distinct cause of action, and not through the statutory condemnation proceedings. *Id.* at ¶¶ 15–16, 1 P.3d at 1000–01.

¶ 14 Similarly, what Landowners seek here are damages to the fair market value of the property beyond those caused by a mineral holder's exercise of its right to enter and use the land to take oil and gas. The trial court correctly noted that evidence of negligence could not be presented to the jury. It erred by allowing evidence of pollution that essentially involves allegedly tortious conduct.

¶ 15 Additionally, the *Cloud* factors do not specifically allow evidence concerning pollution or a mineral holder's negligent conduct. In a general sense, pollution could be said to be included under factor No. 3, in that pollution would certainly affect the convenient use of the property, and factor No. 6, because it would certainly affect the tract's physical conditions. But by the same token, any act by a condemnor could be said to affect the fair market value of the property and, as previously noted, courts have not allowed all damaging acts by a condemnor to be litigated in a condemnation proceeding.

¶ 16 Furthermore, our courts have specifically refused to hold that all of a landowner's damages are covered by the Act. In *Dyco Petroleum Corp. v. Smith,* 1989 OK 51, ¶ 9, 771 P.2d 1006, 1008, the Oklahoma Supreme Court determined that the Act did not afford a remedy for nuisance. The special concurrence pointed out that the holding did not preclude the owner from bringing a separate cause of action for nuisance. Also, in *Schneberger v. Apache Corp.,* 1994 OK 117, 890 P.2d 847, the Oklahoma Supreme Court answered a certified question from a federal court involving an alleged breach of a settlement agreement to reduce water pollution caused by drilling operations. Though the lawsuit was not brought under the Act, the court discussed the Act and noted that the plaintiff's lawsuit for damages caused by pollution was "a private right dispute resulting from the liability of one individual to another under state law." *Id.* at ¶ 32, 890 P.2d at 855. These cases indicate that, contrary to Landowners' argument, the Act does not cover all their damage claims. We hold the trial court abused its discretion by allowing the jury to hear evidence about damages due to Vastar's allegedly tortious conduct.

## IV. CONCLUSION

¶ 17 Landowners are entitled to full compensation for Vastar's drilling operations on their property. However, an action brought under the Surface Damages Act is limited by

the Act to the surface damages which the owner has sustained or will sustain due to entry upon the land and drilling operations thereon. 52 O.S.1991 § 318.5 (C). The remedy for injury to Landowners' land caused by Vastar's allegedly willful or negligent conduct is through a separate and distinct cause of action, not one brought under the Act.

¶18 Therefore, the trial court erred by allowing evidence of groundwater and subsurface pollution in this action brought under the Act. The trial court's judgment on the jury verdict is therefore reversed and the matter is remanded for further proceedings. It follows that Landowners are not entitled to an attorney's fee, at least not at this point in the proceedings. That portion of the trial court's decision denying an attorney's fee is vacated, and we express no opinion as to the correctness of the trial court's decision in that regard.

¶19 REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.

REIF, V.C.J., and COLBERT, J., concur.