2003 OK 11

**WARD PETROLEUM CORPORATION,**
Plaintiff/Petitioner,

v.

**Ed and Vicki STEWART, husband and wife, Defendants/Respondents.**

No. 97,881.

Supreme Court of Oklahoma.

Feb. 11, 2003.

**1114**

Kenneth R. Johnston, Wes Johnston, Johnston & Associates, Chickasha, OK, for respondents, Ed and Vicki Stewart.

Michael E. Smith, Sharon T. Thomas, Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C., Oklahoma City, OK, for petitioner, Ward Petroleum Corporation.

BOUDREAU, Justice.

¶ 1 This case is before us on a certified interlocutory order entered in case No. CJ–2001–87 pending in the district court of Grady County, State of Oklahoma, the Honorable Judge Richard G. Van Dyck, presiding. The certified order granted respondent's motion to amend an answer to include a related tort claim [1] in a proceeding originating under the Surface Damages Act. Our power to review certified orders is limited to

those involving issues which affect a substantial part of the merits of a controversy. 12 O.S.1991, § 952(b)(3); *Pierson v. Canupp*, 1988 OK 47, ¶ 11, 754 P.2d 548, 551. Because the issue as certified cannot be considered to be "on the merits of the controversy", we hereby recast the petition for certiorari into a proceeding for a writ of prohibition. We now assume original jurisdiction and deny the writ for the reasons expressed herein.

## I. FACTS AND PROCEDURAL HISTORY

¶ 2 Petitioner, Ward Petroleum Corporation ("Ward"), the holder of leasehold interests on property owned by Ed and Vicki Stewart ("Stewarts"), proposed to drill and complete an oil and gas well on a section of the Stewarts' property. Ward served the Stewarts with notice of its intent to commence drilling operations on the land and attempted to negotiate a surface damages agreement for any damage that may occur to the land. After negotiations failed, Ward initiated proceedings under the Surface Damages Act ("Act") seeking the appointment of appraisers to determine the amount of surface damages, if any, the Stewarts sustained or would sustain as a result of Ward's operations. The Stewarts filed an answer also seeking the appointment of appraisers. Appraisers were appointed and a majority of the appraisers returned a report which found the diminution in value of the surface estate to be $8,600.00.

¶ 3 The Stewarts promptly filed a demand for a jury trial. Thereafter, the Stewarts filed a motion to amend their answer to set forth a separate tort claim for pollution. Ward objected on the ground that Oklahoma law requires a surface owner to bring a separate civil action apart from that brought under the Act. The trial court disagreed and granted the Stewarts' motion to amend. The trial court certified this order for immediate

---

1. A related tort claim is one connected with the subject matter of the proceeding under the Surface Damages Act (i.e., the property which Plaintiff seeks to commence and maintain drilling operations). Our courts have declined to hold that all of a surface owner's potential damages are covered by the Act. In *Dyco Petroleum v.* *Smith*, 1989 OK 51, 771 P.2d 1006, 1008, this Court determined that the Act did not afford a remedy for nuisance. *See also Schneberger v. Apache Corp.*, 1994 OK 117, 890 P.2d 847 (stating the surface owner's pollution damages were not covered under the Act).

review pursuant to 12 O.S.2001, § 952(b)(3). The trial court also entered an order staying the trial court proceedings during the pendency of review proceedings before the Supreme Court. We granted certiorari to review the certified interlocutory order entered by the trial judge.

## II. STANDARD OF REVIEW

■ ¶ 4 We must decide whether the district court properly construed the provisions of 52 O.S.2001, §§ 318.2 et seq., when it granted the Stewarts' motion to amend their answer to include a separate tort claim. Statutory construction presents a question of law. *Arrow Tool & Gauge v. Mead*, 2000 OK 86, ¶ 20, 16 P.3d 1120, 1122–23. Questions of law are reviewable by a *de novo* standard. *Neil Acquisition v. Wingrod Investment Corp.*, 1996 OK 125, ¶ 5, 932 P.2d 1100, 1103. Under this standard, we have plenary, independent and nondeferential authority to determine whether the trial court erred in its legal ruling. *Id.*

## III. ANALYSIS

■ ¶ 5 The Oklahoma Legislature enacted the Surface Damages Act on July 1, 1982, to provide a mechanism to balance the conflicting interests of the owners of two of our State's important natural resources: the mineral interest holder and the surface owner. *See Davis Oil Co. v. Cloud*, 1986 OK 73, 766 P.2d 1347. The Act's purpose is to promote the prompt payment of compensation to a surface owner whose land is taken for oil and gas exploration. *Tower Oil & Gas Co., Inc. v. Paulk*, 1989 OK 105, ¶ 6, 776 P.2d 1279, 1281. The Act modified the common law rule that an oil and gas lessee was not liable to the surface owner for damages unless such damages were caused by wanton or negligent operations or if the operations affected more than a reasonable area of the surface. *See Davis Oil Co., supra.*

¶ 6 The Act limits the damages recoverable to those which the surface owner has sustained or will sustain by reason of entry upon the subject land and by reason of drilling or maintenance of oil or gas production on the subject tract of land. 52 O.S.2001, § 318.5(C). On several occasions we have held the damage standard intended by the Legislature under the Act is the diminution in the fair market value of the surface property resulting from the drilling and maintenance operations. *See Andress v. Bowlby, et al*, 1989 OK 78, 773 P.2d 1265; *Davis Oil Co., supra.* This measure of damages was found to be appropriate since the Act partakes of the nature of a condemnation action by virtue of 52 O.S.2001, § 318.5(F), which provides that a trial under the Act shall be conducted and judgment entered in the same manner as railroad condemnation cases.

■ ¶ 7 Since the legislature has directed that proceedings under the Act are to be tried in the same manner as condemnation proceedings, it is appropriate to look to condemnation law for guidance in determining whether a related tort claim may be properly joined in a proceeding originating under the Act. Condemnation proceedings do not, ordinarily, involve a tort and are not civil actions at law or suits in equity, but rather are special statutory proceedings for the purpose of ascertaining the compensation to be paid for the property to be appropriated. *See Curtis v. WFEC R.R. Co.*, 2000 OK 26, 1 P.3d 996; *State Dept. of Highways v. O'Dea*, 1976 OK 133, 555 P.2d 587. " 'Special proceedings' is a term by which we continue to distinguish that litigation which is not governed by the general regime of pleadings." *City of Tahlequah v. Lake Region Elec., Co-op., Inc.*, 2002 OK 2, 47 P.3d 467, 474 (Opala, J., dissenting). *See also* 12 O.S.2001, § 2001 (the Oklahoma Pleading Code governs the procedure in the district court of Oklahoma in all suits of a civil nature whether cognizable as cases at law or in equity except where a statute specifies a different procedure). Special proceedings may be distinguished from other civil actions by the manner of pleading, practice and procedure prescribed by the law.

■ ¶ 8 The Legislature has passed special statutes for the just and orderly functioning of the court when hearing special proceedings. *See Board of County Comm'r of Creek County v. Casteel*, 1974 OK 31, ¶ 15, 522 P.2d 608, 610. The procedural requirements set forth in the statutes are mandato-

ry. The legislatively prescribed procedures set forth in the Act authorize the filing of three pleadings: petition seeking the appointment of appraisers, objection to the report of appraisers, and demand for jury trial. 52 O.S.2001, § 318.5. The Act contains no provision authorizing an answer or counterclaim.

¶ 9 The Stewarts contend a surface owner may include a related tort claim in a proceeding originating under the Act despite the absence of a legislatively proscribed procedure. We acknowledge that our existing case law on this issue is less than clear. Some cases state that a surface owner may include a tort theory, so long as the tort theory is a "separate claim," a "separate cause of action," or a "separate action." *See e.g., Vastar Resources, Inc. v. Howard,* 2002 OK CIV APP 13, 38 P.3d 236; *Dyco Petroleum v. Smith,* 1989 OK 51, 771 P.2d 1006, 1009 (Wilson, J., special concurrence); *Root v. Kamo Elect. Co-op,* 1985 OK 8, 699 P.2d 1083; *Allen v. Transok Pipe Line Co.,* 1976 OK 53, 552 P.2d 375. Conversely, other cases have stated the surface owner may not include a tort theory; the tort theory must be brought as a "separate civil action." *See e.g., Vastar Resources, Inc. v. Howard, supra; Curtis v. WFEC R.R. Co.,* 2000 OK 26, 1 P.3d 996; *Western Farmers Elec. Co-op. v. Willard,* 1986 OK CIV APP 5, 726 P.2d 361; *Young v. Seaway Pipeline, Inc.,* 1977 OK 249, 576 P.2d 1148; *Oklahoma Gas & Elec. Co. v. Miller Bros. 101 Ranch Trust,* 173 Okla. 101, 1935 OK 669, 46 P.2d 570.

¶ 10 In addition, some cases have recognized answers filed in special proceedings. *See Casteel, supra.* Other cases have expressly disapproved the filing of answers. *See City of Marlow v. Booker,* 2002 OK CIV APP 51, 46 P.3d 173 (stating landowner's counter-petition, like an answer, is of no effect); *Western Farmers Elec. Co-op. v. Willard,* 1986 OK CIV APP 5, 726 P.2d 361

---

2. *See* 12 O.S.2001, 2018(A) (a party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal or equitable, as he has against an opposing party).

3. The Surface Damages Act contains no provision authorizing an answer and counter-claim.

(stating only three pleadings are authorized by statute). Today we clarify these issues.

▮▮▮ ¶ 11 For purposes of judicial convenience and efficiency, a surface owner may file a related tort claim in the same case in which a party has initiated a proceeding under the Surface Damages Act.[2] However, the trial judge assigned to the case must assure that the statutory proceeding and the related tort claim are kept on two distinct procedural tracks, one track governed by the Act itself, the other governed by the Oklahoma Pleading Code.[3] The procedural tracks must remain distinct throughout the entire case, including the trial phase. The trial judge should try the proceeding under the Act separately from the related tort claim so that resolution of the tort claim never impedes the primary goal of the Act, providing prompt compensation to the surface owner. *Tower Oil & Gas Co., Inc. v. Paulk, supra.* A trial judge is authorized to conduct separate trials of any number of claims in a lawsuit by 12 O.S.2001, § 2018(D) of the Oklahoma Pleading Code.

### IV. CONCLUSION

¶ 12 We recast the petition for certiorari to an application to assume original jurisdiction and petition for writ of prohibition. We assume original jurisdiction, deny the writ and hold a surface owner may file a related tort claim in the same case in which a party has initiated a proceeding under the Surface Damages Act.

**PETITION FOR CERTIORARI RECAST AS PETITION FOR WRIT OF PROHIBITION; ORIGINAL JURISDICTION ASSUMED; WRIT DENIED.**

WATT, C.J., OPALA, V.C.J., and HODGES, KAUGER, SUMMERS, JJ., concur.

Accordingly, a related tort claim may only be asserted in the same case by a petition under 12 O.S.2001, § 2007(A). While the Defendants in the case in controversy improperly filed an answer and counter-claim, we leave it to the trial judge *in this instance* to separate the statutory proceeding and the related tort claim into distinct procedural tracks.

WINCHESTER, J., with whom LAVENDER and HARGRAVE, JJ., join, dissent.

WINCHESTER, J., with whom LAVENDER and HARGRAVE, JJ., join, dissenting.

¶ 1 The case at bar involves whether or not we allow a trial court to try a nuisance claim in a proceeding that originated under the Surface Damage Act. It is clear a plaintiff can bring a cause of action for nuisance in a separate action. However, the majority opinion today holds that we do both in the same trial. A proceeding under the Surface Damage Act and a cause of action for nuisance are incompatible and require separate trials. For the reasons stated herein, I respectfully dissent. I would hold that the trial court erred when it allowed respondents to amend an answer to include a related tort claim in a proceeding that originated under the Surface Damage Act.

¶ 2 The Surface Damage Act does not afford a remedy for nuisance occasioned by a drilling operation. *Dyco Petroleum Corp. v. Smith*, 1989 OK 51, 771 P.2d 1006. The measure of damages under the Act "is the difference in the fair market value of the entire tract immediately before the drilling operations and the fair market value of the tract immediately after the drilling operations." *Houck v. Hold Oil Corp.*, 1993 OK 166, ¶ 41, 867 P.2d 451, 462. Under the Surface Damage Act, damages must be classified as temporary or permanent, *Davis Oil Co. v. Cloud*, 1986 OK 73, ¶ 22, 766 P.2d 1347, 1352, and the damage standard is the diminution in the fair market value of the surface property resulting from the drilling operations. *Houck v. Hold Oil Co.*, 1993 OK 166, ¶ 39, 867 P.2d 451, 461–62. Diminished value is that of the entire tract of land caused by the drilling operations, as opposed to the difference in the value of the specific land that is harmed. *Houck*, 1993 OK 166, ¶ 40, 867 P.2d 451, 462.

¶ 3 In a proceeding under the Surface Damage Act, factors that may be considered by a jury in arriving at the decrease in fair market value include: location or site of drilling operations; quality and value of the land used or disturbed by the drilling operations; incidental features resulting from the drilling operations that may affect convenient use and further enjoyment; inconvenience suffered in actual use of land by the operator; whether the damages, if any, are of a temporary or permanent nature; changes in the tract's physical condition; irregularity of shape and reduction or denial of access; destruction, if any, of native grasses and growing crops, if any, caused by drilling operations. *Davis Oil Co. v. Cloud*, 1986 OK 73, ¶ 22, 766 P.2d 1347, 1352. These factors are not to be considered as separate items of damage, but solely as they impact the diminishment in value of the surface estate before and after drilling operations. *Davis Oil Co.*, 1986 OK 73, ¶ 22, 766 P.2d 1347, 1352; *Houck*, 1993 OK 166, ¶ 41, 867 P.2d 451, 461. Personal inconvenience of a surface owner does not constitute an additional or separate damage element under the Surface Damage Act. *Darling v. Quail Creek Petroleum Management Corp.*, 1989 OK CIV APP 54, ¶ 8, 778 P.2d 943, 945.

¶ 4 The majority opinion today fails to appreciate that a nuisance claim raises additional issues such as causation, liability, and applicable statute of limitations. A claim under the theory of private nuisance might not arise until a date after operations have ceased. The measure of damages for private nuisance such as pollution may include cleanup costs of an oil and gas lessee's surface impediments not necessary for its operation, damages for use of the land by the lessee for more than a reasonably necessary period of time of its operations, for the lessee's unnecessary use of the land area in its operations, and for temporary and permanent injury to the land.[1] *Tenneco v. Allen*, 1973 OK 129, ¶¶ 17–20, 515 P.2d 1391, 1394–95. The measure of damages for permanent damage in a nuisance case is diminished value, that is to say, the difference between the fair cash

---

1. "[D]amages adjudged in an action predicated on a nuisance theory may include temporary and permanent injury to land. Temporary damages in the context of an oil and gas nuisance are by definition abatable. Damages reasonably incapable of abatement are permanent." *Briscoe v. Harper Oil Co.*, 1985 OK 43, ¶ 9, 702 P.2d 33, 36.

**1118**

market value of the land just prior to the injury and the fair cash market value of the land just thereafter. *Pace v. Massey,* 186 Okla. 703, 1940 OK 138, ¶ 6, 100 P.2d 440, 441.

¶ 5 Damages in an action for private nuisance may include damages for temporary and permanent injury to land, so long as no double recovery is allowed for the same injury. *Briscoe v. Harper Oil Co.,* 1985 OK 43, ¶ 9, 702 P.2d 33, 36. Under a private nuisance theory, personal harm, inconvenience and annoyance are a separate damage element. *Nichols v. Mid–Continent Pipe Line Company,* 1996 OK 118, ¶ 11, 933 P.2d 272, 276. In addition, a nuisance cause of action places at issue liability, causation and the possibility of punitive damages, elements missing from a proceeding under the Surface Damage Act.

¶ 6 If a nuisance claim is tried to the same jury that hears a proceeding under the Surface Damage Act, confusion will abound as to what testimony relates to its assessment of damage items it may consider under the Act versus the nuisance theory. Any judicial convenience and efficiency is outweighed by the likelihood of jury confusion in its assessment of damage and the potential for double recovery. Also, it would be impossible to ascertain on appeal whether the jury relied upon a flawed notion of compensable damage elements in reaching its verdict.

¶ 7 A proceeding under the Surface Damage Act and a cause of action for nuisance are incompatible and require separate trials. Accordingly, I must dissent. I would recast the petition for certiorari to an application to assume original jurisdiction, assume original jurisdiction, grant the writ and hold that a surface owner must file a separate tort claim in a different case from the case in which a party has initiated a proceeding under the Surface Damage Act.